This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40662

**HELEN WALKER,**

Plaintiff-Appellant,

v.

**CARLSBAD MEDICAL
CENTER, LLC,**

Defendant-Appellee,

and

**INDRAPRASAD R. PERAM, M.D.;
ROBERT RIPPNER, M.D.; STACY
STONE, CNP; JOHN DOES and
JANE DOES I-X; BLACK AND
WHITE CORPORATIONS I-X; and
ABC ORGANIZATIONS I-X,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Eileen P. Riordan, District Court Judge**

Durham, Pittard & Spalding, L.L.P.
Caren Ilene Friedman
Rosalind Bienvenu
Santa Fe, NM

Zebas Law Firm, LLC
Joseph M. Zebas
Hobbs, NM

for Appellant

Serpe Andrews PLLC
John S. Serpe
Melanie L. Frassanito
Christina L. G. Brennan
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** The memorandum opinion filed January 11, 2023, is hereby withdrawn and is replaced with this filing, based upon the granting of Appellant's unopposed motion to correct. Appellant appeals from the district court's orders granting summary judgment in favor of Appellee and dismissing the action. Persuaded that Appellant's docketing statement demonstrated error, we issued a notice proposing to reverse summary judgment. Appellee Carlsbad Medical Center has responded with a memorandum opposing our notice. We remain persuaded that summary judgment was in error and reverse.

**{2}** In response to our notice, Appellee's memorandum in opposition quotes the deposition testimony of Appellant's expert, Dr. Fitzgibbons, and the district court's statements of concern that none of Dr. Fitzgibbons' testimony stated to the reasonable degree of medical probability that the mistakenly administered blood pressure medication caused Appellant's drop in blood pressure and her harm. [MIO 3-5, 8-10] Appellee's response to our notice also contends that, to the extent we view any portion of Dr. Fitzgibbons' testimony as in conflict, Appellant cannot create a material fact issue by citing to internally inconsistent testimony of the same witness, pursuant to *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975). [MIO 11]

**{3}** We are not persuaded by Appellee's contention that Dr. Fitzgibbons provided clear testimony that it was only *possible* that the blood pressure medication caused Appellant to decompensate. Dr. Fitzgibbons' testimony does not express any clear, definitive, or concise view of causation. Our case law requires us to view Appellant's testimony as a whole, in the light most favorable to nonmoving party, and indulge all reasonable inferences that support a trial on the merits. *See Hernandez v. Reuter*, 2023-NMCA-007, ¶¶ 27-30, 523 P.3d 614. In doing so, we understand Dr. Fitzgibbons' answers to refuse to rule out sepsis as a potential contributing cause, in addition to the wrongfully administered blood pressure medications, [3 RP 540-541] given that Dr. Fitzgibbons' testimony also suggested Appellant identified a clear cause and effect between the blood pressure medications and Appellant's dangerous drop in blood pressure and need for emergency treatment. [3 RP 537-38]

**{4}**     As stated in our notice, Dr. Fitzgibbons' testimony need only permit a reasonable inference that Appellant's decompensation and need for emergency treatment was proximately caused to a reasonable medical probability by the wrongful administration of blood pressure medications. *See Trujillo v. Los Alamos Nat'l Lab'y*, 2016-NMCA-041, ¶ 17, 368 P.3d 1259. A proximate cause, in turn, only needs to contribute to bringing about an injury; it need not be the only cause. *See Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 34, 138 N.M. 189, 118 P.3d 194.

**{5}**     Viewing the evidence as a whole in the light most favorable to Appellant and in support of a trial on the merits, as we are required to do, we conclude that Dr. Fitzgibbons' testimony permits a reasonable inference that the wrongful administration of high blood pressure medications was a contributing factor to a reasonable medical probability of Appellant's decompensation and need for emergency treatment for low blood pressure.

**{6}**     We are not persuaded by Appellee's contention that summary judgment should be affirmed because a genuine factual issue cannot arise from the testimony of a single witness for Appellant. [MIO 10-12] The cases upon which Appellee relies are not factually similar and do not compel summary judgment in this case.

**{7}**      For the reasons provided above and in our notice, we reverse the district court's order granting summary judgment and remand for further proceedings.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**